**Lee DANIELS, Petitioner,**

v.

**Gary J. HILTON, Acting Administrator, Trenton State Prison; et als., Respondents.**

Civ. A. No. 85–376.

United States District Court, D. New Jersey.

Aug. 30, 1985.

Lee Daniels, pro se.

Andrew Christian Rojas, Asst. Pros., Hudson Co. Pros. Office, Jersey City, N.J., for respondents.

## OPINION

STERN, District Judge.

In this petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1982), petitioner Lee Daniels challenges his 1983 conviction for robbery, aggravated assault, criminal restraint, and possession of a weapon for an unlawful purpose. Petitioner's challenge is grounded on a claim of ineffective assistance of counsel. For reasons presented below, the petition will be dismissed.

## FACTS

Petitioner was identified as the man who climbed into the car of Donna Brown on November 18, 1979, as she exited from the Shop-Rite store on Grove Street in Jersey City, New Jersey. According to Brown's testimony, Daniels pushed her into her car, muffled her screams by force, pressed the blade of a knife against the back of her neck, slapped her several times, and threatened her verbally to reinforce his demands for her car keys. *New Jersey v. Daniels*, No. 772–79, Tr. of May 31, 1983 at 35–36, 39–40, 43–46. (Sup.Ct. of N.J., Hudson County) (henceforth cited as Tr. of (date)). The struggle in the car was interrupted by Detective Fred Paparteys of the Jersey City Police Department, who was working an off-duty detail at the Shop-Rite. Tr. of May 31, 1983 at 64–65. Paparteys asked Daniels and Brown if there was anything wrong, and when Brown responded that she had been assaulted, Paparteys placed Daniels under arrest. *Id.* at 65–66. Brown subsequently identified a knife found in her car as the knife Daniels had threatened her with.

For his trial on the charges on which he was ultimately convicted, petitioner was assigned Assistant Public Defender Thomas Kilcoyne to represent him. As Daniels explained to the trial judge before jury selection, Kilcoyne had represented Daniels in connection with an earlier indictment, and Daniels did not like him. *Id.* at 2. The trial judge responded that he could not control the Public Defender's Office, *id.* at 2, that Daniels did not have a right to the attorney of his choice, *id.* at 10, that he knew Mr. Kilcoyne personally to be an experienced defense attorney, *id.* at 2–3, and that Daniels could either represent himself or be represented by Kilcoyne, *id.* at 2–3. Daniels chose to let Kilcoyne rep-

resent him but to absent himself from the courtroom during the trial, despite the judge's warnings of the possible prejudice to his case. After a three-day trial, a jury returned a verdict of guilty of second-degree robbery, criminal restraint, aggravated assault, assault and possession of a knife. Tr. of June 2, 1983 at 2. The judge imposed consecutive terms totaling 17½ years, to be served consecutive to a 30-year sentence petitioner had recently started serving for other offenses. Tr. of June 3, 1983. Petitioner has exhausted his state remedies.

In the present petition, filed on January 25, 1985, Daniels complains that he was denied effective representation because the trial court refused to give him a new attorney. Daniels further complained that his lawyer "never advised [him] or bothered to interview [him], did not investigate anyone, did not seek input from [him] and did not call any witnesses in [his] behalf."

## DISCUSSION

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set out a two-part test for claims of ineffective assistance of counsel:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.,* 104 S.Ct. at 2064. Whereas failure of either part of this test is fatal to an ineffectiveness claim, *id.* at 2069–70, we find that this petition fails both.

Under the first test, the performance standard, the Court sets forth the following requirements among others:

A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

*Id.* at 2066. Most of petitioner's claims are generalized descriptions of ways in which his trial counsel allegedly failed adequately to prepare his case. But petitioner does not name a witness who might have been called had his attorney been more diligent. Petitioner does not identify a shred of information his attorney might have elicited had he interviewed prosecution witnesses prior to their testifying. Nor does petitioner identify what sort of investigations his attorney might have conducted to aid the preparation of the case. On this kind of showing, no court could possibly find that the trial attorney's "acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Nor is this merely a failing by a *pro se* petitioner adequately to state his claims. The trial transcript gives no hint of leads the attorney should have followed up but did not.

It is instructive to compare the present case to *Morrison v. Kimmelman,* 579 F.Supp. 796 (D.N.J.1984), *vacated and remanded* 752 F.2d 918 (3rd Cir.1985) (remanding for application of new *Strickland* tests), *cert. granted,* 54 U.S.L.W. 3223 (U.S. Oct. 8, 1985), where this Court granted a petition for habeas corpus based on ineffective assistance of counsel. In *Morrison,* the petitioner was convicted of rape and other sexual crimes very largely on the strength of evidence discovered on a

bed sheet seized from an apartment to which the petitioner had access. *Morrison,* 579 F.Supp. at 798. The sheet contained stains that laboratory technicians testified were sperm traces from a man with type "O" blood. *Id.* The petitioner had type "O" blood, and hospital tests performed after the alleged rape turned up traces of type "O" blood in the victim's vagina. *Id.* The sheet also contained hairs similar to the head hair of Morrison and the victim. *Id.* The sheet was seized in a warrantless and unconsented search of the apartment. Since petitioner's trial counsel conducted no discovery, however, he never made a timely motion to suppress. The trial judge therefore admitted the sheet into evidence as well as the testimony of the police about its seizure and of lab technicians about its contents and the analyses they performed. The trial judge noted there would have been a "very valid basis for suppression" had it been timely made, and the judge specifically criticized the defense attorney.

Similarly, in other cases where petitioners have prevailed on claims of ineffective assistance of counsel, they have identified the evidence or testimony that would have been brought to the attention of the trier of fact but for the acts and omissions of their trial attorneys. *See United States v. Baynes,* 687 F.2d 659 (3d Cir.1982) (failure to investigate intercepted recording linking petitioner to crime); *Moore v. United States,* 432 F.2d 730 (3d Cir.1970) (failure to pursue misidentification defense); *Taylor v. Hilton,* 563 F.Supp. 913 (D.N.J.1982) (failure to request blood tests, subpoena business records and police tape recordings, and file timely notice of alibi).

This Court finds no evidence that petitioner's trial attorney's conduct was outside "the wide range of professionally competent assistance." *Strickland,* 104 S.Ct. at 2066.

Nor is there any possibility that this petition would satisfy the second *Strickland* test which requires a demonstration that the trial attorney's acts and omissions were so prejudicial as "to deprive the defendant of a fair trial." *Id.* at 2064. The evidence in this case was overwhelming. The petitioner was caught red-handed in the course of the crimes for which he was convicted. Absent the alleged failings of his counsel, the details of the crimes, as recounted by the victim and by Detective Paparteys were on the record.

Accordingly, the petition for writ of habeas corpus will be dismissed with prejudice.